# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TYNISHA STAFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-208 (MTT) |
| | ) |
| ALLY FINANCIAL, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Tynisha Stafford filed a complaint against Ally Financial, Inc., Security Finance Corporation of South Carolina ("Security Finance"), and Middle Georgia Management Services, LLC, on June 24, 2021.  Doc. 1.  Ally Financial filed its answer on August 11, 2021, but neither Security Finance nor Middle Georgia Management Services ever entered an answer.  Doc. 6.  Ally Financial was terminated from the case by stipulated dismissal on January 12, 2022.  Doc. 16.  On January 18, 2022, the Court contacted Stafford's counsel via her email of record to learn why Stafford had not prosecuted her case against the remaining defendants but received no answer.  The Court ordered Stafford to show cause why her case should not be dismissed for failure to prosecute on February 3, 2022.  Doc. 17.  Stafford again made no response.  For failure to prosecute and failure to comply with Court orders, Stafford's claims are **DISMISSED without prejudice.**

Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," her claims may be dismissed.[1]  Moreover, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005) (citation omitted).  Because Stafford has failed to prosecute her case and comply with the Court's order, dismissal is appropriate.

Accordingly, Stafford's claims are **DISMISSED without prejudice.**

**SO ORDERED**, this 25th day of February, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Though Rule 41(b) by its terms applies only to dismissal on a defendant's motion, the Eleventh Circuit has "elide[d] th[e] neat distinction" between a district court's dismissal pursuant to Rule 41(b) and dismissal pursuant to its inherent authority in many of its decisions.  *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005).  *See also World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (citing Rule 41(b) as source of the district court's authority to dismiss actions).  Regardless of the source of authority, it is clear the Court may dismiss an action as a sanction for failure to comply with a court order.